UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, LOCAL UNION NO. 525, LAS VEGAS, NEVADA, PETITIONER, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, RESPONDENT.

No. 5036

March 21, 1966                        412 P.2d 352

*Morton Galane,* of Las Vegas, for Petitioner.

*John Peter Lee,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an original proceeding in certiorari to review an order of the district court vacating an arbitration award in a labor dispute. We rule that the vacating order must be nullified and the award reinstated.

The union and the Associated Plumbing and Air Conditioning Contractors of Nevada, Inc., entered into a collective bargaining agreement for the period July 1, 1963, to June 30, 1966. Among other matters, the agreement specified a procedure for settling grievances. A dispute arose between the union and two plumbing contractors because the "temporary license" which had been issued to the contractors by the State Contractors Board

was revoked by the board with the proviso that the licensees could complete the jobs they had in progress. The union believed that the action of the state board gave cause for suspension of the labor agreement because of the contract clause quoted below.[1] The contractors had a different notion. The agreed upon grievance procedure was pursued and eventually the dispute was submitted to a five-man tripartite arbitration board. It found for the union. The neutral member of the board, who served as chairman, did not vote as three of the four remaining members agreed that the union's interpretation of Art. IX(a)(1) was correct. The contractors then moved to vacate the award. Their motion rested mainly on the proposition that the arbitration board was not composed of five neutral members. The court accepted their view, set aside the award, and directed the dispute to be submitted to "a Board of Arbitration selected in accordance with the agreement and the law in the premises, who are not parties to the case and who are chosen with the procedure set forth in the contract." We understand that order to mean that the arbitration board must be composed of five neutral members in order to comply with the applicable provisions of the collective bargaining agreement. For the reasons hereafter stated, we think that the court's action was in excess of its jurisdiction and void.

The extraordinary remedy of certiorari is appropriate when an inferior tribunal has exceeded its jurisdiction, there is no appeal, nor any plain, speedy and adequate remedy. NRS 34.020(2). If one of the essentials is missing, the writ should not be granted. Gaming Control Board v. District Court, 82 Nev. 38, 409 P.2d 974 (1966); Schumacher v. District Court, 77 Nev. 408,

---

[1]Art. IX(a)(1) of the contract reads: "Employees agree to work for employers who are members or non-member signatories to this Agreement only if and so long as they comply with all of the following conditions: (1) The Employer shall at all times have in effect a duly issued State Plumbing Contractor's License and a Master Plumber's License, or a State Piping Contractor's License, or a Refrigeration and Air-Conditioning Contractor's License, at his shop or in the locality where the job is to be performed."

365 P.2d 646 (1961). We turn first to consider whether the court exceeded its jurisdiction.

The collective agreement provided that the board "shall consist of two members designated in writing by the Association and two members designated in writing by the Union." A neutral person was to act as umpire. An arbitration tribunal composed in this fashion is a tripartite arbitration board—that is, one which is made up of one or more members selected by management, an equal number selected by labor, and a neutral member who serves as chairman. Elkouri, How Arbitration Works, 60 (1960). The labor and management members are expected to be partisans and to act as advocates for their respective sides. Indeed, this is one of the significant features which often distinguishes industrial arbitration from commercial arbitration.[2] Phillips, The Function of Arbitration in the Settlement of Industrial Disputes, 33 Colum.L.Rev. 1366, 1372 (1933); 58 Northwestern U.L.Rev. 494 (1963); West Towns Bus Co. v. Division 241, 26 Ill.App.2d 398, 168 N.E.2d 473 (1960). In the instant matter, the labor members of the board did advocate for the union's interpretation of the contract provision giving rise to the grievance, and their views were shared by one of the two management members of the board. Therefore, it was not necessary for the neutral umpire to resolve the dispute. The composition of the tripartite arbitration board was precisely as provided for by the collective agreement. A fortiori, the award is not subject to question upon the ground that the board was not composed of five neutral members.

The misconception of the lower court about the make up and function of the members of a tripartite arbitration board caused it to order, in effect, that the grievance

---

[2]Apparently the lower court was not aware of the proper function of the members of a tripartite arbitration board, for its written decision rests upon two commercial arbitration cases which are wholly inapposite. See: In re Miller, 23 N.Y.S.2d 120 (1940); Astoria Medical Group v. Health Ins. Plan of Gr. N.Y., 11 N.Y.2d 128, 182 N.E.2d 85 (1962).

be submitted to a new arbitration tribunal composed of five unbiased, neutral members. This order, we think, exceeded the court's jurisdiction. If the parties to a collective agreement provide for a tripartite arbitration board, a court is powerless to substitute a tribunal of different character.

Though the respondent suggests otherwise, we fail to find provision for an appeal from the order here in question. It is hinted that the appeal provision of the Uniform Arbitration Act, NRS, Ch. 38, applies. None of the provisions of that act apply to a collective bargaining agreement which itself provides a grievance procedure for the settlement of future disputes which may arise during the term of the contract. Statutory arbitration under the uniform act may be invoked to resolve any controversy existing at the time of the agreement to submit (NRS 38.030; NRS 38.040), but does not touch the arbitration of future disputes under a collective agreement. United Assn. Journeymen v. Stine, 76 Nev. 189, 351 P.2d 965 (1960). Nor does NRCP 72 allow an appeal from the order in question, as it is not a "final judgment" determining the rights of the parties. The opposite is true. The order unsettled the rights of the parties, and directed them to start over and submit their controversy to an arbitration tribunal of different kind and composition. Just as an order denying summary judgment is not a final judgment from which an appeal lies (Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214 (1954), by a parity of reasoning the order here in question is not final. In neither instance have the rights of the parties been determined. We do not mean to imply that a court order vacating, modifying or affirming an arbitration award may not be appealable. If that is all that is accomplished by the order, it may properly qualify as a final judgment within the intendment of NRCP 72(b)(1). The present order did much more. It directed resubmission of the dispute to another board, thereby making clear the court's view that the controversy was not finally resolved. We think "finality" was destroyed by that direction. Thus, neither statute nor

rule authorizes an appeal here. No remedy other than certiorari was available to petitioner. We find no merit in the other points presented. The order below vacating the award and directing resubmission to another arbitration board is annulled, and the arbitration award is reinstated.

ZENOFF, D. J., concurs.

(Counsel stipulated to submit this proceeding to a two-judge court.)