MICHAEL WASHINGTON, Appellant, *v.* CLARK COUNTY LIQUOR AND GAMING LICENSING BOARD and THALIA DONDERO, R. J. RONZONE, WOODROW WILSON, MANUEL CORTEZ, JACK PETITTI, and BRUCE WOODBURY; and DANIEL J. FITZPATRICK, Director of Clark County Business License Department, Respondents.

No. 15060

July 3, 1984 683 P.2d 31

*Keith E. Galliher,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney and *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

Appellant Michael Washington is the owner and operator of a Las Vegas business establishment known as "Swinging Suzies Escorts," which is licensed by the Clark County Business License Department as an escort service. On October 21, 1983, the Las Vegas Police Department conducted an undercover investigation of "Swinging Suzies," by having an investigator phone the service and request an escort for the specific purpose of providing him with "sexual satisfaction." According to the investigator, the employee who answered the phone responded to the request by stating that the price for an escort was $100.00 per hour and that the investigator should discuss with the escort herself any "special services" he wanted.

The investigator then requested that an escort be sent to his motel room. When the escort arrived, she advised him that the

escort fee was $100.00 and that she also worked for "tips." The escort further advised him that she was required to split the $100 fee with the escort service, but that she would keep "enough" of the "tip" for herself. She then offered to perform sexual services for the sum of $200. When the investigator agreed, the escort disrobed, and was immediately arrested for soliciting prostitution.

Based on the investigator's report in this matter, the Clark County Business License Department issued a "cease and desist" order against appellant, on the ground that appellant's escort service had engaged in impermissible "advertisements" of the availability of sexual services, in violation of Chapter 8.32.120(A) of the Clark County Code.[1] Appellant appealed the issuance of the cease and desist order to the Clark County Liquor and Gaming Licensing Board (hereinafter Board). Following a hearing on the matter, the Board voted to uphold the cease and desist order. Appellant then filed a petition for a writ of certiorari in the district court, contending that the cease and desist order should not have been upheld by the Board. The district court denied the petition and this appeal followed.

Appellant first contends that the district court erroneously failed to review the merits of the Board's order to determine if that order had been entered arbitrarily and capriciously. Respondent, on the other hand, contends, *inter alia,* that the district court did in fact review the merits of the Board's order.

It is unclear from our review of the record whether the district court did in fact review the merits of the Board's order. Certain of the district court's comments at the hearing, however, do indicate that the court believed that its scope of review of the Board's order was limited to whether the Board exceeded its jurisdiction in entering the order in question. We conclude that these comments do evidence a misunderstanding of the district court's scope of review.

The district court's confusion apparently stemmed from the

---

[1]This chapter reads as follows:

    8.32.120 Advertising—Implying services other than service oriented escorts. (A) Any publication, dissemination or display whether by hire, contract or otherwise by any escort, escort bureau or owner, manager or employee of an escort bureau . . . directly or indirectly in any newspaper, magazine or other publication, by any radio, television, telephone or pictorial display . . . which contains any statement which is known or through the exercise of reasonable care would suggest to a reasonable, prudent person that sexual stimulation or sexual gratification is offered or provided, is prohibited.

principle that in the Nevada Supreme Court a certiorari proceeding is generally limited to a review of whether a lower court had jurisdiction to enter a particular order. *See* Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980). When a party seeks review in the district court of a ruling of an administrative agency not governed by the Administrative Procedure Act, however, an extraordinary writ, such as certiorari, is the proper vehicle for seeking judicial review of the merits of the agency's actions to determine whether the agency acted arbitrarily or capriciously.[2] *See e.g.,* Urban Renewal Agcy. v. Iacometti, 79 Nev. 113, 119, 379 P.2d 466, 469 (1963). As such, the district court was required to go beyond merely deciding whether the Board had jurisdiction to act; the district court should have reviewed the merits of the Board's order in this case.

As noted above, we are unable to determine from a review of the record whether the district court did in fact review the merits of the Board's decision. From our independent review of the record, however, we have concluded that the Board did not act arbitrarily and capriciously in entering its order upholding the cease and desist order, and that the district court therefore did not err in denying the petition. *Cf.* Titanium Metals Corp. v. Clark County, 99 Nev. 397, 663 P.2d 355 (1983) (supreme court's review of administrative matter is identical to district court's review).

One of appellant's primary contentions in support of the petition involved the question of whether the telephone conversation described above could constitute "advertising" of sexual services in violation of Chapter 8.32.120(A) of the Clark County Code. Under the specific provisions of Chapter 8.32.120(A) advertising clearly can be accomplished by way of telephone conversations, *see* note 1, *supra;* despite its one-to-one nature, the conversation nevertheless served to disseminate information to a member of the general public, thereby constituting advertisement for the purposes of this Chapter.[3] See generally Feather River Trailer Sales v. Sillas, 158 Cal. Rptr. 26

---

[2]Under the Administrative Procedure Act, NRS 233B.010 *et seq.,* a party aggrieved by a final decision in a "contested case" involving a state agency falling within the purview of the Act, is expressly authorized to file a petition for judicial review of the agency's decision. *See* NRS 233B.130.

[3]We note, however, that a more restrictive approach to defining advertising might be applied if criminal sanctions were involved. *See* Planned Parenthood Committee v. Maricopa County, 375 P.2d 719 (Ariz. 1962).

(Ct.App. 1979) (representations made by a seller to a prospective buyer on a one-to-one basis can constitute "advertising"). We also conclude that the employee's reference to "special services," in response to the investigator's request for "sexual satisfaction," was a sufficient reference to the availability of sexual services; even arguably indirect references to sexual services such as this clearly come within the intended scope of the ordinance. *See* note 1, *supra*.

▄▄▄▄▄ ▄▄

Finally, we disagree with appellant's contention that the cease and desist order was erroneously issued on the ground that the record did not reflect that appellant had "authorized" or "ratified" the actions of his employees in engaging in the above telephone conversation. We conclude that the Board's intent in enacting Chapter 8.32.120 was to hold escort service licensees liable for the acts of their employees, at least in terms of licensing consequences, given that the ordinance prohibits both a licensee and its employees from engaging in the advertisement of sexual services.[4] See generally Tax Com. v. Mackie, 75 Nev. 6, 333 P.2d 985 (1959) (licensee of gaming establishment held strictly liable for acts of its employees despite licensee's disavowal of any knowledge of employee's acts).

Appellant's petition for a writ of certiorari was properly denied, and the district court's order denying the petition is therefore affirmed.

---

[4]Conceivably a case might arise where a licensee is able to demonstrate affirmatively that the licensee took all possible steps to prevent an employee from engaging in a prohibited act, which might warrant our finding a limited exception to the "strict liability" doctrine set forth above. *See* Ford Dealers v. Department of Motor Vehicles, 650 P.2d 328, 336 n. 8 (Cal. 1982). The facts in this case, however, do not present such a situation, and we therefore decline to decide whether there could be a limited exception of this type.