CLARK COUNTY LIQUOR AND GAMING LICENSING BOARD, APPELLANT, *v.* MILDRED P. CLARK DBA SKY CLUB, RESPONDENT.

No. 16896

December 31, 1986                                    730 P.2d 443

*Robert J. Miller,* District Attorney; *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Appellant.

*Moran & Weinstock,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The Clark County Liquor and Gaming Licensing Board revoked the licenses of the "Sky Club," whose owner, Mildred Clark, then petitioned for judicial review. The district court remanded the case to the board for rehearing, ordering it to grant Clark discovery and to rehear issues in light thereof. The Board appeals.

The Sky Club, outside of Las Vegas near Nellis Air Force Base, is one of the largest bars in what police call the "George" area of Clark County. Its clientele consists mostly of young airmen. Mildred Clark, its proprietor, is a 78-year-old woman who lives on the premises. Ms. Clark has held a tavern and package liquor license for 20 years and has never previously been cited for any violation of county liquor ordinances.

The Board's complaint is partially based on an incident involving Carlos Daniel Montez, an airman who was 20 years and 5 months old. The night of his arrest, Montez told police he had visited the Sky Club after consuming a six-pack of beer obtained on the Air Base. He claimed the Sky Club neglected to check his identification and served him four mixed drinks.

On October 30, 1984, the Board issued a complaint alleging that Ms. Clark had allowed the Sky Club to become a disorderly house and a public nuisance. In addition to mentioning the Montez incident, the complaint implied that the Sky Club was the scene of a large number of problems occupying an inordinate amount of police time. Specifically, the complaint stated police spent over 90 hours on 141 peace disturbing incidents and an unknown number of "bar checks" in 1983.[1]

Ms. Clark sought discovery of documents relating to the complaint, and information about police contacts with other bars in

---

[1]The alleged incidents included 42 disturbances, 24 fights, 9 intoxicated persons, 2 rapes, 5 persons with guns, and 1 person with a knife. For the first seven months of 1984, the complaint alleged police spent over 71 hours at the Sky Club on "bar checks" and 28 disturbances, 9 fights, 4 intoxicated persons and 3 persons with guns. We note that a number of these alleged incidents, *e.g.* fights and rapes, most likely took place outside the "Sky Club" itself. As to others, *e.g.* those involving spontaneous disturbances among the young patrons and carrying concealed weapons, blame likewise arguably can be but tenuously related to the Sky Club's owner.

the "George area" during the same period. She served the Board with a request for production pursuant to NRCP 34. The district attorney objected that NRCP 34 did not apply to Board proceedings. Ms. Clark then sought issuance of a subpoena duces tecum directed to the Director of the Department of Business Licenses. She invoked Clark County Code section 8.08.080, now repealed, which provided "the board shall issue subpoenas and subpoenas duces tecum at the request of a party." Despite the ordinance, the Board refused to issue the subpoena, based on a district attorney's claim that it had no authority. Ms. Clark's attorney finally signed the subpoena himself and served it, to no avail.

At the evidentiary hearing, a police officer characterized the Sky Club as "where all the trouble was at." Four officers testified there were more calls at the Sky Club than at all the other clubs in the area combined. Apparently, Ms. Clark had not hesitated to call police at any hint of a problem, because they had in fact encouraged her to do so. Nonetheless, while admitting they encouraged bar keepers to call rather than resort to self-help, several officers nonetheless complained Ms. Clark would call them to eject customers they felt she should have attempted to eject herself. Some police also complained she sometimes called them, but then cancelled her request when intervention became unnecessary. (We are not at all sure how such evidence is thought to support the complaint against her.) Ms. Clark's calls are reflected in the statistics mentioned in the complaint.

The computer analyst who compiled the report culled his numbers from dispatch information. He admitted he did not know whether the reported activity had actually occurred, and he could not determine the origin of the calls. Questioned about the number of hours police spent at the Sky Club, he explained the figures referred to "man hours," time spent by each officer, and included travel time to the scene, plus an undetermined number of routine "bar checks" made by officers on their own initiative. Time spent on actual problems could not be determined from the data. The analyst, who had never compiled similar data on a bar, did not know if his report indicated excessive problems.

The Board revoked Ms. Clark's licenses finding that the Sky Club had served Mr. Montez, that an unnamed minor had been admitted to the club in 1983, and that the Sky Club had more peace disturbing incidents than all the other 26 bars in the area combined. To support the latter, critical finding, the record contains no quantitive comparative data whatsoever. Ms. Clark then petitioned for judicial review. The district court remanded the case, ordering the Board to grant discovery.

First, we note the order of the district court is not appealable.

No appeal lies except when authorized by statute. Jarstad v. National Farmer's Union, 92 Nev. 380, 383, 552 P.2d 49, 51 (1976); Bates v. Nevada Savings and Loan Association, 85 Nev. 441, 443, 456 P.2d 450, 451 (1969); Johns-Manville, Inc. v. Lander County, 48 Nev. 244, 246, 229 P. 387 (1924). There is no statute authorizing appeal from an order remanding a case to an administrative body. Neither is the decision appealable as a final order. United Association Journeymen v. District Court, 82 Nev. 103, 107, 412 P.2d 352, 354-355 (1966). However, the actions of the district court may be challenged by petition for writ of mandamus, and we shall treat this appeal as a petition for mandamus since it would be unfair to do otherwise in light of our previous order indicating the Board could appeal.[2] *See* Jarstad v. National Farmer's Union, *supra,* 92 Nev. at 384, 552 P.2d at 51.

A writ of mandamus may be issued by this court to compel the performance of an act which the law requires as a duty resulting from an office, trust or station. NRS 34.160. The Board contends the district court's sole function in reviewing the actions of county boards is to determine whether administrative action is arbitrary and capricious or supported by substantial evidence. It argues the court has no discretion to remand the case for the taking of further evidence. We disagree.

The Administrative Procedure Act expressly authorizes remand to state agencies for the taking of further evidence. NRS 233B.140(3). The district court has very broad supervisory powers to insure that all relevant evidence is examined and considered. Nevada Industrial Commission v. Reese, 93 Nev. 115, 126, 560 P.2d 1352, 1358 (1977). We recognize the Administrative Procedure Act does not apply to review of county board actions. Washington v. Clark County, 100 Nev. 425, 428, 683 P.2d 31, 33 (1984). Review of local agency action is by extraordinary writ. *Id.* However, absence of specific statutory authority to remand does not deprive the court of its traditional equitable powers. The federal courts have long recognized equitable power to remand cases for further administrative proceedings "where justice demands that course in order that some defect in the record be supplied." Ford Motor Company v. National Labor Relations Board, 305 U.S. 364, 373 (1939). The court's equitable powers were not displaced by enactment of the federal Administrative Procedure Act. *See* Mobil Oil Corporation v. Federal Power Commission, 417 U.S. 283, 311 (1974); Jicarella Apache Tribe v. Andrews, 687 F.2d 1324, 1333 (10th Cir. 1982); Sharon

---

[2]Incorrectly noting the remedy of appeal was available, we previously denied the Board's petition for writs of mandamus and prohibition.

Steel Corporation v. Environmental Protection Agency, 597 F.2d 377, 381 (3d Cir. 1979); Sindicato Puertorriqueno de Trabajadores, 448 F.2d 1161, 1170 (D.C.Cir. 1971). Likewise, we do not discern that the Nevada Administrative Procedure Act was intended to deny the district courts traditional equitable power to remand a case to a local board for taking of further evidence, when information that may be vital to the board's decision was withheld despite the existence of an ordinance affording discovery. It is clear that the district court had discretion to remand the matter for the purpose of receiving further evidence.

However, the Board also contends it was improperly ordered to grant discovery because there is no constitutional or statutory right to discovery in county administrative proceedings and because the Board had no subpoena power.[3]

Preliminarily, we note that mandamus is an extraordinary remedy and whether a petition will be entertained lies within the discretion of this court. State ex rel. Department of Transportation v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). In *Thompson, supra,* we posed the question whether sound judicial administration justified this court's exercise of its discretion to entertain mandamus in a certain context. *Id.* at 360-361, 662 P.2d at 1340. We concluded judicial economy and sound judicial administration militated against exercising our discretion to review orders denying motions to dismiss and motions for summary judgment by writ. The same policy led this court to deny writ review of a pretrial probable cause determination in Kussman v. District Court, 96 Nev. 544, 612 P.2d 679 (1980). With these considerations in mind, we approach whether intervention by extraordinary writ is justified under the circumstances of this case.

Generally, extraordinary writs are not available to review discovery orders. Franklin v. District Court, 85 Nev. 401, 455 P.2d 919 (1969); Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967); Pinana v. District Court, 75 Nev. 74, 334 P.2d 843 (1959). Writs have issued to prevent improper discovery in two situations where disclosure would cause irreparable injury. Mandamus has been granted when the trial court issues blanket discovery orders without regard to relevance. Clark v. District Court, 101 Nev. 58, 692 P.2d 512 (1985); Schlatter v. District Court, 93 Nev. 189, 561 P.2d 1342 (1977). Relief has also been given when the discovery order requires disclosure of privileged information.

---

[3]The Board contends Clark County Code section 8.08.080 was invalid in light of our decision in Andrews v. Nevada State Board of Cosmetology, 86 Nev. 207, 467 P.2d 96 (1970).

Clark v. District Court, *supra;* State ex rel. Tidvall v. District Court, 91 Nev. 520, 539 P.2d 456 (1975). However, this court has denied the writ when petitioner only claimed, as in this case, that there was no right to the discovery ordered by the district court. Franklin v. District Court, *supra,* 85 Nev. 401, 455 P.2d 919. In *Franklin,* the district court ordered discovery of prosecution witnesses' statements although there was no constitutional or statutory right to discovery. This court declined to issue the writ because appeal was an adequate remedy.

The Board has failed to show any circumstances that justify departure from our usual policy of declining to review discovery orders by extraordinary writ. The order does not require disclosure of privileged or irrelevant information. Ms. Clark seeks specific non-confidential data directly relevant to the Board's finding that the Sky Club was the site of more disturbances than all the other 26 bars in the area combined. The Board's concern about cost is assuaged by her counsel's offer that Ms. Clark will pay the cost. The order is further consistent with Clark County Code section 8.08.080 which then provided a right to discovery. We need not determine if the ordinance was valid because the Board is able to comply with this particular order regardless of whether it has subpoena power. Ms. Clark sought access to the information through the Director of the Department of Business Licenses. The Board has the power to direct the Department to provide discovery. *See* Clark County Code section 2.03.020(k).

For the reasons noted, we decline to issue a writ of mandamus.