OPINION
 

 Per Curiam:
 

 On February 17, 1992, respondent Brian Greenspun requested the State of Nevada Taxicab Authority (the “Authority”) to consider the suitability of Milton I. Schwartz to hold a certificate of public convenience and necessity to operate a taxicab business in Las Vegas. The Authority had previously granted Schwartz certificates in 1979 and in 1981. Subsequent to obtaining these certificates, Schwartz’ suitability to hold a certificate came into question following the indictment of Schwartz’ former business partner on fraud charges. The Authority investigated Schwartz’ involvement in the fraud charges in 1984 and determined that no evidence linked Schwartz to the fraudulent activities.
 

 Following the Authority’s investigation, the Las Vegas Sun newspaper published a series of articles that probed Schwartz’ involvement in the fraud scheme. Schwartz then filed a defamation action against the newspaper. The district court conducted a jury trial in that action during the Fall of 1991. The jury returned a verdict in favor of the newspaper.
 

 During the litigation of the defamation action, the newspaper uncovered information which it believed linked Schwartz to his former partner’s fraudulent activities. Consequently, on February 17, 1992, the newspaper’s president, respondent Brian Green-spun, filed a complaint with the Authority and requested that it conduct a hearing on Schwartz’ suitability to hold a certificate of public convenience and necessity in light of this information.
 

 
 *1024
 
 The Authority held a public hearing on March 31, 1992, to determine whether it should consider Schwartz’ suitability to hold a certificate. Because none of the present members of the Authority took part in the investigation of Schwartz’ involvement in the fraud charges in 1984, an investigator for the Authority provided an in-depth report of the evidence gathered during that investigation. The Authority also heard statements from Schwartz and his attorney. Finally, the Authority received public comment on the application to consider Schwartz’ suitability including a statement from Greenspun. After hearing this background information, the Authority denied Greenspun’s application to consider Schwartz’ suitability without reviewing the allegedly incriminating documentation Greenspun presented to the Authority.
 

 On April 23, 1992, Greenspun petitioned the district court for judicial review of the Authority’s refusal to consider Schwartz’ suitability. The Authority moved to dismiss Greenspun’s petition on May 28, 1992. The Authority argued that Greenspun lacked standing to contest the Authority’s refusal to consider Schwartz’ suitability under NRS 233B. 130(1).
 

 The district court ruled that the Authority’s denial of Green-spun’s application without reviewing the allegedly incriminating evidence denied Greenspun due process of law. The district court relied on NAC 706.888(1) which provides that persons filing a complaint with the Authority are entitled to present evidence, examine witnesses and argue at Authority hearings. The district court ruled that this regulation provided Greenspun standing to challenge the Authority’s failure to review the evidence he presented at the hearing on March 31, 1992. The district court, therefore, reversed the Authority’s denial of Greenspun’s application and remanded the matter to the Authority with instructions to consider Greenspun’s proffered evidence.
 

 The Authority then filed a notice of appeal from the district court’s ruling. On April 15, 1993, this court ordered the Authority to show cause why this appeal should not be dismissed for lack of an appealable order. Specifically, we noted that an interlocutory order of the district court remanding a matter to an administrative agency is not appealable.
 
 See
 
 Clark County Liquor v. Clark, 102 Nev. 654, 730 P.2d 443 (1986). In response to this court’s order, the Authority argues that the district court’s decision may be considered a final judgment pursuant to the “collateral order doctrine” adopted by the federal courts.
 

 Discussion
 

 The right to appeal is statutory; where no statute or court rule
 
 *1025
 
 provides for an appeal, no right to appeal exists.
 
 See
 
 Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). No statute or court rule authorizes an appeal from an interlocutory order of the district court remanding a matter to an administrative agency. Consequently, in
 
 Clark,
 
 we held that a party could only appeal an order remanding a matter to an administrative agency if the order constituted a final judgment. Clark County Liquor v. Clark, 102 Nev. 654, 658, 730 P.2d 443, 446 (1986) (citing NRAP 3A(b)(l)). The district court’s order in this case does not constitute a final judgment. Instead, the district court’s order of remand directs the Authority to consider evidence it initially refused to review. The district court did not finally resolve the suitability question, nor did it review the merits of the Authority’s decision. The district court’s decision is thus not reviewable as a final judgment.
 

 Under the “collateral order doctrine,” federal courts allow for interlocutory review of certain non-final orders remanding a matter to an administrative agency.
 
 See, e.g.,
 
 Occidental Petroleum Corp. v. SEC, 873 F.2d 325, 329 (D.C.Cir. 1989); Charles A. Wright et al., Federal Practice and Procedure: Jurisdiction § 3911 (1992). Appellant urges this court to adopt the collateral order doctrine and apply it to this case. We decline this invitation. Interlocutory appeals cause delay, expense and disruption. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380 (1987). Consideration of interlocutory appeals often results in piecemeal litigation. Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986). Adopting the collateral order doctrine would require this court to extensively screen appeals from interlocutory orders to determine whether this court has jurisdiction. Jurisdiction lines would become unfocused and uncertain. This in turn could result in a proliferation of premature appeals. These burdens would outweigh any possible benefits that could result from adoption of the collateral order doctrine.
 

 We decline to adopt the collateral order doctrine. Therefore, we conclude that the Authority has no right to appeal from the district court’s interlocutory order of remand, Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). Accordingly, we dismiss this appeal.