129 Nev., Advance Opinion 71

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A.,
Appellant,
vs.
DEWEY S. O'BRIEN; AND RENEE D.
O'BRIEN,
Respondents.

No. 61650

**FILED**

OCT 03 2013



Appeal from a district court order granting a petition for judicial review of a foreclosure mediation, awarding sanctions, and remanding the matter to the Foreclosure Mediation Program for further mediation. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Dismissed.*

Tiffany & Bosco, P.A., and Gregory L. Wilde and Kevin S. Soderstrom, Las Vegas,
for Appellant.

Mark L. Mausert, Reno,
for Respondents.

---

BEFORE THE COURT EN BANC.

OPINION

By the Court, CHERRY, J.:

This appeal raises a threshold jurisdictional question: is a district court order granting a petition for judicial review of a foreclosure mediation and remanding the matter for additional mediation final and

13-29467

appealable, or is it not final and, thus, not appealable? To preserve and promote the interests of judicial economy and efficiency, we conclude that an order remanding for further mediation generally is not final and appealable, and we thus dismiss this appeal.

## PROCEDURAL HISTORY

At an NRS 107.086 foreclosure mediation, respondent homeowners Dewey S. O'Brien and Renee D. O'Brien and representatives of appellant lender Wells Fargo Bank, N.A., agreed that foreclosure proceedings would be halted for three months while the O'Briens were being considered for a loan modification. Several months later, the O'Briens petitioned the district court for judicial review, asserting that Wells Fargo breached the parties' agreement. The district court found that Wells Fargo had violated the agreement and granted the O'Briens' petition for judicial review, awarding them sanctions and attorney fees. Significant to our jurisdictional analysis, the district court also directed Wells Fargo to participate in and pay for "further mediation." Wells Fargo appealed.

We ordered Wells Fargo to show cause why this appeal should not be dismissed for lack of jurisdiction, asking it to address whether, given the remand for additional mediation, the order was final and appealable. Both Wells Fargo and the O'Briens timely responded, arguing, respectively, that the order resolved all of the issues before the district court and thus was final and appealable, and that the order did not resolve the ultimate question regarding the status of the O'Briens' home and consequently was not final and appealable.

## DISCUSSION

To promote judicial economy and efficiency by avoiding piecemeal appellate review, appellate jurisdictional rules have long

required finality of decision before this court undertakes its review. NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *see Reno Hilton Resort Corp. v. Verderber*, 121 Nev. 1, 5, 106 P.3d 134, 136-37 (2005) ("The general rule requiring finality . . . is not merely technical, but is a crucial part of an efficient justice system. . . . [F]or the appellate court, it prevents an increased caseload and permits the court to review the matter with the benefit of a complete record."); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994) (recognizing that the finality rule "seeks to . . . promot[e] judicial economy by avoiding the specter of piecemeal appellate review"). Thus, in the administrative context, a district court order remanding a matter to an administrative agency is not an appealable order, unless the order constitutes a final judgment on the merits and remands merely for collateral tasks, such as calculating benefits found due. *Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 1489, 929 P.2d 936, 937 (1996); *see State Taxicab Auth. v. Greenspun*, 109 Nev. 1022, 1024-25, 862 P.2d 423, 424-25 (1993); *Clark Cnty. Liquor & Gaming Licensing Bd. v. Clark*, 102 Nev. 654, 657-58, 730 P.2d 443, 446 (1986); *Pueblo of Sandia v. Babbitt*, 231 F.3d 878, 880 (D.C. Cir. 2000).

The same reasoning applies to orders arising from, and remanding for further mediation to, the foreclosure mediation program. Here, the district court considered the matter under Foreclosure Mediation Rule 21 and remanded for the parties to attend mediation again. The second mediation will readdress the merits of the foreclosure matter, and, if appropriate, any party will then be able to petition for judicial review of that mediation. Consequently, we conclude that the appealed order was not the final resolution of this matter. Because it is

not final, the order is not appealable. NRAP 3A(b)(1). As recognized by the federal court of appeals in *Pueblo of Sandia*, deferring appellate review until the completion of significant ongoing proceedings not only avoids the possibility of considering two appeals but "also leaves open the possibility that no appeal will be taken in the event the proceedings on remand satisfy all parties." 231 F.3d at 880. Accordingly, we conclude that we lack jurisdiction, and we dismiss this appeal.

_____, J.
Cherry

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

HARDESTY, J., dissenting:

As acknowledged by the majority, an order that resolves, on their merits, all of the substantive issues before the court is final and appealable, even though it also remands the matter for further proceedings collateral to the issues before the court. *See Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 1488-89, 929 P.2d 936, 937 (1996); *State Taxicab Auth. v. Greenspun*, 109 Nev. 1022, 1024-25, 862 P.2d 423, 424-25 (1993) (indicating that the district court's consideration of the merits of a petition for judicial review can render its order final, even if the court also remands that matter). That is exactly what happened here.

During foreclosure mediation, the O'Briens and Wells Fargo reached an agreement to forestall foreclosure for three months upon certain terms. Several months later, after being notified that their house was once again in foreclosure status, the O'Briens filed a petition for judicial review, seeking enforcement of their agreement with Wells Fargo and sanctions. The district court concluded that Wells Fargo had breached the parties' agreement and awarded sanctions, as requested. Instead of enforcing the agreement, which at that point had ostensibly expired, the district court remanded for additional mediation, giving the parties an opportunity to reach a new or extended agreement, but not necessarily to resolve issues directly related to the first one. This finally resolved all of the issues before the court. *Cf.* 2 Am. Jur. 2d *Administrative Law* §§ 574 and 575 (2004) (recognizing that remands typically are to allow the decision-maker to reconsider the original matter in light of additional evidence or a corrected standard, or for additional factual findings). And because the remand was essentially for a new

mediation, if an appeal is not allowed immediately, Wells Fargo may be denied an opportunity to challenge the district court's decision at a later date. Moreover, this court's decision to decline jurisdiction over appeals from these types of remand orders invites the possibility of endless back-and-forth between the foreclosure mediation program and the district court, without any direct and nondiscretionary avenue for review of the district court's decisions by this court. Thus, I would hold that the district court's order finally resolved the merits of the petition for judicial review, rendering the district court's order appealable as a final judgment, NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000), and proceed to consider the merits of this appeal. For these reasons, I dissent.

_____, J.
Hardesty