OPINION
By the Court,
Cherry, J.:
This appeal raises a threshold jurisdictional question: is a district court order granting a petition for judicial review of a foreclosure *680 mediation and remanding the matter for additional mediation final and appealable, or is it not final and, thus, not appealable? To preserve and promote the interests of judicial economy and efficiency, we conclude that an order remanding for further mediation generally is not final and appealable, and we thus dismiss this appeal.

PROCEDURAL HISTORY

At an NRS 107.086 foreclosure mediation, respondent homeowners Dewey S. O’Brien and Renee D. O’Brien and representatives of appellant lender Wells Fargo Bank, N.A., agreed that foreclosure proceedings would be halted for three months while the O’Briens were being considered for a loan modification. Several months later, the O’Briens petitioned the district court for judicial review, asserting that Wells Fargo breached the parties’ agreement. The district court found that Wells Fargo had violated the agreement and granted the O’Briens’ petition for judicial review, awarding them sanctions and attorney fees. Significant to our jurisdictional analysis, the district court also directed Wells Fargo to participate in and pay for “further mediation.” Wells Fargo appealed.
We ordered Wells Fargo to show cause why this appeal should not be dismissed for lack of jurisdiction, asking it to address whether, given the remand for additional mediation, the order was final and appealable. Both Wells Fargo and the O’Briens timely responded, arguing, respectively, that the order resolved all of the issues before the district court and thus was final and appealable, and that the order did not resolve the ultimate question regarding the status of the O’Briens’ home and consequently was not final and appealable.

DISCUSSION

To promote judicial economy and efficiency by avoiding piecemeal appellate review, appellate jurisdictional rules have long required finality of decision before this court undertakes its review. NRAP 3A(b)(1); Lee v. GNLVCorp., 116 Nev. 424, 996 P.2d 416 (2000); see Reno Hilton Resort Corp. v. Verderber, 121 Nev. 1, 5, 106 P.3d 134, 136-37 (2005) (“The general rule requiring finality ... is not merely technical, but is a crucial part of an efficient justice system. . . . [F]or the appellate court, it prevents an increased caseload and permits the court to review the matter with the benefit of a complete record.”); Valley Bank of Nev. v. Ginsburg, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994) (recognizing that the finality rule “seeks to . . . promot[e] judicial economy by avoiding the specter of piecemeal appellate review”). Thus, in the administrative context, a district court order remand *681 ing a matter to an administrative agency is not an appealable order, unless the order constitutes a final judgment on the merits and remands merely for collateral tasks, such as calculating benefits found due. Bally’s Grand Hotel & Casino v. Reeves, 112 Nev. 1487, 1489, 929 P.2d 936, 937 (1996); see State Taxicab Auth. v. Greenspun, 109 Nev. 1022, 1024-25, 862 P.2d 423, 424-25 (1993); Clark Cnty. Liquor & Gaming Licensing Bd. v. Clark, 102 Nev. 654, 657-58, 730 P.2d 443, 446 (1986); Pueblo of Sandia v. Babbitt, 231 F.3d 878, 880 (D.C. Cir. 2000).
The same reasoning applies to orders arising from, and remanding for further mediation to, the Foreclosure Mediation Program. Here, the district court considered the matter under Foreclosure Mediation Rule 21 and remanded for the parties to attend mediation again. The second mediation will readdress the merits of the foreclosure matter, and, if appropriate, any party will then be able to petition for judicial review of that mediation. Consequently, we conclude that the appealed order was not the final resolution of this matter. Because it is not final, the order is not appealable. NRAP 3A(b)(1). As recognized by the federal court of appeals in Pueblo of Sandia, deferring appellate review until the completion of significant ongoing proceedings not only avoids the possibility of considering two appeals but “also leaves open the possibility that no appeal will be taken in the event the proceedings on remand satisfy all parties.” 231 F.3d at 880. Accordingly, we conclude that we lack jurisdiction, and we dismiss this appeal.
Pickering, C.J., and Gibbons, Parraguirre, Douglas, and Saitta, JJ., concur.