Hardesty, J.,
dissenting:
As acknowledged by the majority, an order that resolves, on their merits, all of the substantive issues before the court is final and appealable, even though it also remands the matter for farther proceedings collateral to the issues before the court. See Bally’s Grand. Hotel & Casino v. Reeves, 112 Nev. 1487, 1488-89, 929 P.2d 936, 937 (1996); State Taxicab Auth. v. Greenspun, 109 Nev. 1022, 1024-25, 862 P.2d 423, 424-25 (1993) (indicating that the district court’s consideration of the merits of a petition for judicial review can render its order final, even if the court also remands that matter). That is exactly what happened here.
During foreclosure mediation, the O’Briens and Wells Fargo reached an agreement to forestall foreclosure for three months upon certain terms. Several months later, after being notified that their house was once again in foreclosure status, the O’Briens filed a petition for judicial review, seeking enforcement of their agreement with Wells Fargo and sanctions. The district court concluded that Wells Fargo had breached the parties’ agreement and *682 awarded sanctions, as requested. Instead of enforcing the agreement, which at that point had ostensibly expired, the district court remanded for additional mediation, giving the parties an opportunity to reach a new or extended agreement, but not necessarily to resolve issues directly related to the first one. This finally resolved all of the issues before the court. Cf. 2 Am. Jur. 2d Administrative Law §§ 574 and 575 (2004) (recognizing that remands typically are to allow the decision-maker to reconsider the original matter in light of additional evidence or a corrected standard, or for additional factual findings). And because the remand was essentially for a new mediation, if an appeal is not allowed immediately, Wells Fargo may be denied an opportunity to challenge the district court’s decision at a later date. Moreover, this court’s decision to decline jurisdiction over appeals from these types of remand orders invites the possibility of endless back-and-forth between the Foreclosure Mediation Program and the district court, without any direct and nondiscretionary avenue for review of the district court’s decisions by this court. Thus, I would hold that the district court’s order finally resolved the merits of the petition for judicial review, rendering the district court’s order appealable as a final judgment, NRAP 3A(b)(1); Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000), and proceed to consider the merits of Ais appeal. For these reasons, I dissent.