An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON KING, THE STATE OF NEVADA STATE ENGINEER; THE STATE OF NEVADA DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF WATER RESOURCES; AND SOUTHERN NEVADA WATER AUTHORITY, Appellants/Cross-Respondents,

vs.

CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS ON BEHALF OF CLEVELAND RANCH, Respondent/Cross-Appellant,

and

MILLARD COUNTY, UTAH; ET AL., Respondents.

No. 64815

**FILED**

FEB 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER DISMISSING APPEAL

Respondent/cross-appellant has filed a motion to dismiss this appeal and cross-appeal for lack of jurisdiction on the ground that the challenged district court order is not an appealable judgment. Appellants/cross-respondents have opposed the motion, and respondent/cross-appellant has filed separate replies to the oppositions.[1]

Having considered the parties' arguments and the documents before this court, we conclude that we lack jurisdiction over this appeal. In *State, Taxicab Authority v. Greenspun*, 109 Nev. 1022, 1025, 862 P.2d

---

[1]The remaining respondents have taken no position with regard to the motion to dismiss.

15-04004

423, 424-25 (1993), this court recognized that a district court order remanding a decision to an administrative agency without finally resolving the substantive issues before the court was not reviewable on appeal as a final judgment. *See also Clark Cnty. Liquor & Gaming Licensing Bd. v. Clark*, 102 Nev. 654, 658, 730 P.2d 443, 446 (1986) (concluding that this court lacked jurisdiction to consider an appeal from a district court order remanding a matter to the administrative agency to conduct discovery).

Here, the order issued by appellant/cross-respondent Jason King, the Nevada State Engineer, concluded that it would be "premature to attempt to set quantitative standards or triggers for mitigation actions in the Management Plan at this time," while also referencing statements from two witnesses indicating that the need for mitigation should be assessed on a case-by-case or site-by-site basis. Although the district court acknowledged King's conclusions in this regard, it further noted that King had also asserted that appellant/cross-respondent the Southern Nevada Water Authority had presented a great deal of data that provided a basis for making sound decisions on the mitigation issue. As a result, the district court found that, if King "has enough data to make informed decisions, setting standards and 'triggers' is not premature." The court further found, as a corollary, that if King did not have enough data to set mitigation standards, then granting the appropriation was premature. Thus, because King's order declined to set objective standards regarding when mitigation would be required, the district court concluded that that order was incomplete and remanded the matter for resolution of this significant issue.

Insofar as the district court remanded this matter for the State Engineer to resolve a substantive issue, we conclude that the district court's order of remand was not an appealable, final judgment. *See Greenspun*, 109 Nev. at 1025, 862 P.2d at 424-25; *Clark*, 102 Nev. at 658, 730 P.2d at 446. Moreover, as no statute or court rule otherwise provides for an appeal from a district court order such as the one at issue here, *see* NRAP 3A(b) (listing orders and judgments from which an appeal may be taken); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (noting that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule); *see also Clark*, 102 Nev. at 658, 730 P.2d at 446, we lack jurisdiction to consider this appeal, and therefore order the appeal dismissed.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J., dissenting:

The majority concludes that we lack jurisdiction because the district court's order was not a final, appealable judgment. But the order, taken together with the State Engineer's findings, demonstrates that the district court's decision was substantively final as to the core issue presented: Does substantial evidence support the State Engineer's decision to grant Southern Nevada Water Authority's (SNWA) applications under NRS 533.370? The district court found in the negative on that issue and its finding depends on its legal determination as to the underlying law.

The district court's order may on its surface indicate that the district court remanded the matter for the State Engineer to consider evidence it failed to consider, rendering the order not "final." *See State Taxicab Auth. v. Greenspun*, 109 Nev. 1022, 1024, 862 P.2d 423, 424 (1993) (order reversing agency's decision and remanding for the agency to consider evidence it wrongfully refused to consider was not a final judgment). On the last page of the order, the district court stated it would not disturb the State Engineer's findings "save those findings that are the subject of this Order," and "remanded" for the State Engineer to complete four tasks:

1. The addition of Millard and Juab counties, Utah in the mitigation plan so far as water basins in Utah are affected by pumping of water from Spring Valley Basin, Nevada;

2. A recalculation of water available for appropriation from Spring Valley assuring that the basin will reach equilibrium between discharge and recharge in a reasonable time;

3. Define standards, thresholds or triggers so that mitigation of unreasonable effects from pumping of water are neither arbitrary nor capricious in Spring Valley, Cave Valley, Dry Lake Valley and Delamar Valley, and;

4. Recalculate the appropriations from Cave Valley, Dry Lake and Delamar Valley to avoid overappropriations or conflicts with down-gradient, existing water rights.

The majority focuses upon the third directive—that the State Engineer must set objective standards, thresholds or triggers for when mitigation must occur, and holds that this substantive matter was therefore remanded to the State Engineer to resolve. Majority at 2.

As to this third directive, the State Engineer expressly found that he did not have sufficient evidence to achieve it at the time he granted the applications; rather, the State Engineer instead required SNWA to conduct staged pumping, which he reasoned would allow the interested parties to develop the specifics of any mitigation that may be required to counteract any effects that are environmentally unsound or that would conflict with existing rights under NRS 533.370(2). And, as the majority recognizes, the district court found that if the State Engineer "did not have enough data to set mitigation standards, then granting the appropriation was premature." Majority at 2. It was because of the prematurity of this grant that the district court also stated that "this matter must be remanded to the State Engineer until objective standards can be established and stated—as to when mitigation must occur." Therefore, the district court's order held, in effect, that based upon the evidence SNWA presented it, the State Engineer did not have sufficient evidence to grant the applications. The district court's instructions as to how the State Engineer might attempt to make up this factual

insufficiency, or to allow the State Engineer to somehow hold the applications until such evidence materialized, does not change the holding that at the time the State Engineer made his decision it was not, in the district court's view, supported by substantial, legally sufficient evidence.

As to the second instruction, the district court's express holding that substantial evidence did not support the State Engineer's finding that SNWA's Spring Valley appropriations were not against the public interest effectively decided the issue: under NRS 533.370(2), the State Engineer shall reject an application where "its proposed use or change . . . threatens to prove detrimental to the public interest." Notwithstanding the district court's attempt to remedy the situation by ordering a remand for the State Engineer to recalculate the water available in Spring Valley and to ensure that SNWA's Spring Valley award is consistent with that availability, the district court's holding on the matter necessarily answered, in the negative, the substantive question of whether substantial evidence supported the State Engineer's decision to grant SNWA's Spring Valley appropriation applications.

As to the district court's fourth instruction that the State Engineer recalculate SNWA's appropriations from Cave Valley, Dry Lake, and Delamar Valley *to avoid overappropriations or conflicts with existing water rights*, inherent in this instruction, as well as the part of the order that analyzed the issue, is the district court's determination that the State Engineer's decision that SNWA's appropriations would *not* cause overappropriation or conflict with existing rights was not supported by substantial evidence. In other words, if the district court found that a lesser appropriation to SNWA in these valleys is necessary to prevent overappropriation or a conflict with existing rights, then it also necessarily

found that the State Engineer was required to deny the applications. NRS 533.370(2) (State Engineer shall deny applications "where there is no unappropriated water in the proposed source of supply, or where its proposed use or change conflicts with existing rights"). Finally, the remaining instruction, adding Millard County and Juab County to the mitigation plan, is a nonstarter issue if, as the district court found, the State Engineer's decision to grant SNWA's applications was not supported by sufficient evidence such as to comply with NRS 533.270.

Thus, the district court reached the merits of the petition for review and made a legal ruling as to the propriety of the State Engineer's decision given the evidentiary record SNWA provided, which distinguishes this order from at least one of the cases the majority relies upon. *See Greenspun*, 109 Nev. at 1025, 862 P.2d at 425 (district court did not review the merits of the agency's decision).[1] That the district court attempted to provide instructions as to how the State Engineer may grant the applications if he were to issue a new decision regarding SNWA's applications does not change that the district court determined substantial evidence did not support the State Engineer's decision to grant the applications, and effectively reversed the State Engineer. We have reviewed similar decisions in the past, and thus they must have been final judgments. *See Office of State Eng'r v. Morris*, 107 Nev. 699, 701, 819 P.2d 203, 204 (1991) (reviewing district court's decision that reversed the State

---

[1]*Clark County Liquor and Gaming Licensing Board v. Clark* indicates only that the district court remanded the case and ordered the agency to grant discovery, and this court summarily stated that the order was not a final, appealable one. 102 Nev. 654, 658, 730 P.2d 443, 446 (1986). Though presumably the district court did not reach the merits, it is not precisely clear.

Engineer's decision because the findings were clearly erroneous and an abuse of discretion); *State v. Morros*, 104 Nev. 709, 711, 766 P.2d 263, 265 (1988) (reviewing district court's decision that partially affirmed and partially reversed the State Engineer's grant of various applications).

Furthermore, other courts have recognized that a district court's order remanding to an agency must be considered practically when determining whether the order is final and therefore appealable. *See, e.g., Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1175 (9th Cir. 2011). For example, an order of remand may be final where "'(1) the district court conclusively resolves a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable.'" *Id.*; *Edgewater Found. v. Thompson*, 350 F.3d 694, 696 (7th Cir. 2003) ("Remands usually are not appealable, because they are not "final" decisions; but remands that otherwise may escape appellate review may be reviewable immediately.").

All three of these considerations are present here. First, as explained above, the district court resolved the main legal issue underlying this appeal: whether the State Engineer may, consistent with NRS 533.370(2), leave the determination of how and when mitigation will occur for a future determination. Second, the appellants argue that the district court's rulings would force the State Engineer to make rulings under legal standards he considers erroneous. Finally, there is effectively no way for the State Engineer to ensure that the remand order and its legal rulings will ultimately be reviewed because it appears the State Engineer cannot appeal his own decision, unless he can fall within the

definition of a person aggrieved by his decision. NRS 533.450(1); *see also Travis v. Sullivan*, 985 F.2d 919, 923 (7th Cir. 1993) (finding order remanding to agency appealable because if the agency representative complied with the district court's order to conduct a new hearing and make new findings, the order would be effectively unreviewable; if the agency representative ultimately awarded the applicant benefits then the representative could not appeal his own decision, but if the representative denied the benefits the resulting appeal would concern the merits of the application's claim, effectively rendering the remand order moot and therefore unreviewable); *Daviess Cnty. Hosp. v. Bowen*, 811 F.2d 338, 342 (7th Cir. 1987) (holding similarly).

Applying a functional and practical view of finality, *Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 1488, 929 P.2d 936, 937 (1996), I would find that the district court's order constituted a final, appealable decision on the merits. Thus, I respectfully dissent.

_____, J.
Pickering

cc: Chief Judge, The Seventh Judicial District Court
Hon. Robert E. Estes, Senior Judge
Attorney General/Carson City
Dana R. Walsh
Lewis Roca Rothgerber LLP/Las Vegas
Gregory J. Walch
Taggart & Taggart, Ltd.
Iris Thornton
Simeon M. Herskovits
Alexander, Berkey, Williams & Weathers LLP
EchoHawk Law Offices
Weinstein, Pinson & Riley
J. Mark Ward
Rhodes Law Office, Ltd.
Lionel Sawyer & Collins/Las Vegas
Kaempfer Crowell/Reno
Attorney General/Reno
White Pine County Clerk