An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

REGIONAL TRANSPORTATION
COMMISSION OF SOUTHERN
NEVADA; AND CLARK COUNTY,
                    Appellants,
                vs.
ZEXIANG WANG, AN INDIVIDUAL;
GERBER HERNAN AYALA RIVERA,
INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE
OF GERBER HERNAN AYALA
TOMASINO, JR.; ZAKIYA CORNER,
INDIVIDUALLY; AND CHADWICK
COOLEY, INDIVIDUALLY AND AS
SPECIAL ADMINISTRATOR OF THE
ESTATE OF HYONCHA COOLE, A/K/A
HYON CHA COOLEY, A/K/A HYON C.
COOLEY, F/K/A HYON CHA KIM;
NICHELLE GARNER INDIVIDUALLY
AND AS SPECIAL ADMINISTRATOR
FOR THE ESTATE OF JOHNNI
GARNER; MORENA GUADALUPE
TOMASINO DE HERNANDEZ
INDIVIDUALLY; AND ASHLEY
GANIER AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF GERBER HERNAN AYALA DIAZ,
                    Respondents.

No. 67919

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
        DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying appellants' motions to dismiss. Appellants have filed a motion to confirm jurisdiction, arguing that this case presents a question of first impression as to whether a district court order denying governmental immunity is

15-29321

immediately appealable. The motion is opposed. Having considered the motion and the arguments of counsel, and cause appearing, we deny the motion to confirm jurisdiction.

This court has declined to adopt the collateral order doctrine:

> Interlocutory appeals cause delay, expense and disruption. Adopting the collateral order doctrine would require this court to extensively screen appeals from interlocutory orders to determine whether this court has jurisdiction. Jurisdiction lines would become unfocused and uncertain. This in turn could result in a proliferation of premature appeals. These burdens would outweigh any possible benefits that could result from adoption of the collateral order doctrine.

*State Taxicab Auth. v. Greenspun*, 109 Nev. 1022, 1025, 862 P.2d 423, 425 (1993) (internal citations omitted). Instead, this court addresses challenges to a district court's preliminary rejection of a claim of governmental immunity through its powers to grant extraordinary relief. *See, e.g., State v. Second Judicial Dist. Court ex rel. Cnty. of Washoe*, 118 Nev. 609, 617, 55 P.3d 420, 425 (2002).

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). As no statute or court rule

permits an appeal from an order denying a motion to dismiss, *Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990), we

ORDER this appeal DISMISSED.[1]

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Joanna Kishner, District Judge
      Bremer Whyte Brown & O'Meara, LLP
      Clark County District Attorney/Civil Division
      Mainor Wirth
      G. Dallas Horton & Associates
      Henness & Haight
      Edward M. Bernstein & Associates/Las Vegas
      Callister & Associates
      Golightly & Vannah, PLLC
      Eighth District Court Clerk

---

[1]We deny as moot the motion to dismiss and associated notice of interested party filed September 11, 2015, and September 14, 2015.