MARY SCHLATTER, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and For the County of Clark, Respondent.

No. 8278

March 31, 1977                    561 P.2d 1342

*Wiener, Goldwater, Galatz & Waldman, Ltd.,* Las Vegas, for Petitioner.

*Cromer, Barker & Michaelson,* and *Corby D. Arnold,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

In this original proceeding in mandamus, petitioner Mary Schlatter seeks a writ directing respondent court to vacate a pretrial discovery order permitting blanket discovery of her medical records and income tax returns. Because respondent exceeded its jurisdiction by ordering such broad discovery, the writ shall issue.

Ms. Schlatter filed suit in respondent court against Paradise Road Hotel Corporation and others alleging she had suffered personal injuries on Paradise's property, resulting in time lost work, and impairment of ability to earn a living. When Schlatter refused a request for pretrial disclosure of her medical records, income tax returns, and workmen's compensation records, Paradise moved respondent court for an order compelling discovery. After a hearing, the court ordered Schlatter to execute an authorization permitting Paradise to inspect and copy all medical records relating to the injuries complained of and, if a pre-existing condition was discovered, an authorization allowing Paradise access to all records in her medical history without limitation. Further, respondent ordered her to

execute an authorization permitting Paradise to obtain copies of her entire income tax returns for 1972–1974.

We must determine whether respondent exceeded its jurisdiction by ordering the disclosure of Schlatter's entire tax returns, and of all medical records in the event a pre-existing condition is discovered. If so, we must decide whether mandamus is a proper remedy to prevent improper discovery.

1. The scope of discovery in civil actions is limited to matter, not privileged, "which is relevant to the subject matter involved in the pending action, . . ." NRCP 26(b)(1). Where, as here, a litigant's physical condition is in issue, a court may order discovery of medical records containing information relevant to the injury complained of or any pre-existing injury related thereto. Mattison v. Poulen, 353 A.2d 327 (Vt. 1976); State ex rel. McNutt v. Keet, 432 S.W.2d 597 (Mo. 1968). Similarly, when a litigant puts the amount of her income in issue by alleging the impairment of ability to earn a living, a court may require disclosure of matter contained in tax records which is relevant to this issue. Matchen v. McGahey, 455 P.2d 52 (Okla. 1969); Anno., 70 A.L.R.2d 242, 260–63 (1960). Of course, such discovery may not be approved, in the absence of a showing that the information is otherwise unobtainable. Richland Wholesale Liq. v. Jos. E. Seagram & Sons, Inc., 40 F.R.D. 480 (D. S.C. 1966). Still, from the record, any such consideration appears to be satisfied; thus, we think the court could properly compel disclosure of matters in petitioner's tax returns and medical records relating to issues raised by her action.

However, respondent's order went beyond this and permitted carte blanche discovery of all information contained in these materials without regard to relevancy. Our discovery rules provide no basis for such an invasion into a litigant's private affairs merely because redress is sought for personal injury. Respondent court therefore exceeded its jurisdiction by ordering disclosure of information neither relevant to the tendered issues nor leading to discovery of admissible evidence. See: People v. Bua, 226 N.E.2d 6 (Ill. 1967); Maresca v. Marks, 362 S.W.2d 299 (Tex. 1962).

2. Petitioner seeks a writ of mandamus directing the respondent court to vacate its improper discovery order. Such

a writ may issue to compel the performance of an act which the law especially enjoins as a duty resulting from an office if there is no plain, speedy, and adequate remedy at law. NRS 34.160 and 34.170. Respondent correctly asserts that extraordinary relief may not be used to review alleged errors in discovery pertaining to matters within the court's jurisdiction, and that generally an aggrieved party must raise such issues on direct appeal from final judgment in the action wherein discovery was granted or denied. Fisher v. Delehant, 250 F.2d 265 (8th Cir. 1957); Pennsylvania R. Co. v. Kirkpatrick, 203 F.2d 149 (3rd Cir. 1953). Nevertheless, we have previously stated extraordinary relief is a proper remedy to prevent improper discovery. State ex rel. Tidvall v. District Court, 91 Nev. 520, 539 P.2d 456 (1975).

Here, respondent exceeded its jurisdiction by granting discovery of irrelevant matter, and a " 'traditional use of the writ [of mandamus] . . . has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction. . . .' " Schlagenhauf v. Holder, 379 U.S. 104, 109–10 (1964). Since the disclosure of irrelevant matter is irretrievable once made, Schlatter would effectively be deprived of any remedy from respondent's erroneous ruling if she was required to disclose the information and then contest the validity of the order on direct appeal. Hartley Pen Co. v. United States District Court, Etc., 287 F.2d 324 (9th Cir. 1961); Crane v. Tunks, 328 S.W.2d 434 (Tex. 1959). Under these circumstances, we consider it proper to grant mandamus, compelling respondent to vacate its improper discovery order. See: Heathman v. United States Dist. Ct. for Cent. Dist. of Cal., 503 F.2d 1032 (9th Cir. 1974); Curtis, Inc. v. District Court In & For C. & C. of Denver, 526 P.2d 1335 (Colo. 1974); Maresca v. Marks, cited above.

Let a writ issue directing respondent to vacate its order as entered. Respondent may thereupon enter an amended order consistent with its jurisdiction and with this opinion.

BATJER, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.