JAMES MAYS, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, THE HONORABLE JOSEPH S. PAVLIKOWSKI, DISTRICT JUDGE, Respondent, LAS VEGAS HILTON CORPORATION, A Nevada Corporation; HILTON HOTELS, A Delaware Corporation dba LAS VEGAS HILTON HOTEL AND CASINO; and CHARLES BARRY, Real Parties in Interest.

No. 19533

February 22, 1989

768 P.2d 877

*Kelly H. Swanson,* Las Vegas, for Petitioner.

*Lionel Sawyer & Collins,* and *Stephen L. Morris* and *Gregory D. Morrison,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus or, alternatively, a writ of prohibition challenges an order of the district court waiving

compliance with Rules 16.1 and 26 of the Nevada Rules of Civil Procedure.

Petitioner filed a complaint against the real parties in interest alleging tortious breach of an employment contract, violation of public policy, defamation of character, invasion of privacy, negligent or intentional infliction of emotional distress, and negligent or intentional interference with prospective advantage. The defendants did not answer petitioner's complaint, but filed a motion to strike the complaint. After the district court granted the motion to strike, petitioner filed an amended complaint on July 12, 1988.

On July 19, 1988, the defendants filed a motion requesting a partial waiver of the requirements of NRCP 16.1. Specifically, the defendants requested that the district court allow them to depose petitioner before answering the amended complaint, and order petitioner to produce all documents in his possession or under his control which might support his allegations. The defendants contended they could not answer the amended complaint until they obtained more specific information from petitioner.

On August 2, 1988, the district court granted the defendants' request. The court waived the requirements of Rules 16.1 and 26 of the Nevada Rules of Civil Procedure to allow the defendants to depose petitioner before answering the amended complaint. The court directed petitioner to produce to the defendants all documents or other evidence upon which he might rely in proving his allegations. Petitioner moved the district court to reconsider the order granting the defendants' request for discovery or, in the alternative, to grant petitioner the same waiver of the discovery rules, allowing him to obtain discovery at the same time as the defendants. The district court denied petitioner's requests.

On November 18, 1988, petitioner filed the instant petition in this court. Petitioner requests this court to issue a writ of mandamus or prohibition directing the district court to vacate the orders waiving the discovery rules in favor of the defendants, or, alternatively, directing the district court to waive the discovery rules in favor of petitioner as well as the defendants. We have considered the petition, the opposition filed by the real parties in interest (defendants below) and the attached pleadings, and we conclude that the petition should be granted.

This court generally declines to review discovery orders by extraordinary writ. *See* Clark County Liquor v. Clark, 102 Nev. 654, 730 P.2d 443 (1986). We have granted extraordinary relief only in exceptional circumstances such as when the trial court issued blanket discovery orders without regard to relevance, or the discovery order required disclosure of privileged information.

*Id.; see also* Schlatter v. District Court, 93 Nev. 189, 561 P.2d 1342 (1977); State ex rel. Tidvall v. District Court, 91 Nev. 520, 539 P.2d 456 (1975). Nevertheless, Rule 16.1, adopted in 1988, incorporated new procedures which are important for the orderly and efficient conduct of pretrial discovery. Therefore, because this petition presents a question of first impression which is a matter of significant public concern, we have elected to exercise our discretion to entertain this petition. *See* State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974); *see also* Jeep Corp. v. District Court, 98 Nev. 440, 652 P.2d 1183 (1982).

NRCP 16.1 and 26 govern discovery in civil actions. Within thirty days after the defendant answers the complaint, NRCP 16.1(a) requires the attorneys for the parties to meet for a case conference to exchange documents, lists of witnesses, and requests for production of documents and things. Both sides are to produce documents and exchange lists of witnesses more or less simultaneously. *See* NRCP 16.1(b). Within thirty days after the case conference, Rule 16.1(c) requires the parties to prepare a case conference report outlining the schedule for discovery and the exchange of documents and lists of witnesses. Rule 16.1(f) allows the district court to waive the requirements of Rule 16.1 "[i]n a potentially difficult or protracted action that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems. . . ." NRCP 26(a) allows a party to obtain additional discovery, by depositions and production of documents and things, after the party has complied with Rule 16.1 and after the filing of the case conference report pursuant to Rule 16.1(c) or the entry of an order waiving compliance with Rule 16.1(c).

The defendants below did not comply with Rule 16.1 before requesting discovery under Rule 26 by deposition and production of documents. The attorneys did not conduct a case conference pursuant to Rule 16.1(a), or prepare a case conference report pursuant to Rule 16.1(c). The district court waived these requirements. The district court's order allowed the defendants alone to proceed with discovery, in contravention of Rule 16.1(b). None of these waivers was supported by the required finding under Rule 16.1(f) that the case is "a potentially difficult or protracted action that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems. . . ."

This court adopted NRCP 16.1 and amended NRCP 26 in 1988 in order to facilitate the process of discovery in civil cases. These rules provide detailed procedures which we believe will aid in the efficient and fair administration of justice. The rules also provide specific procedures for waiving certain requirements when such waiver is warranted. In the instant case, the defendants have

attempted to circumvent the requirements of Rule 16.1 entirely. This irregular procedure is not authorized by the rules themselves and is not warranted under the circumstances of this case. We note that petitioner's amended complaint appears to comply with NRCP 8(a), which requires the complaint to contain ''(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.'' *See, e.g.,* Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979). If the defendants feel that certain allegations in the complaint are not sufficiently focused to permit a definite answer, the defendants may move for a more definite statement under NRCP 12(e), or deny the allegations under NRCP 8(b) (if a party is without knowledge or information sufficient to form a belief as to the truth of an allegation, he may deny the allegation on that basis). The defendants may obtain further clarification of the basis for petitioner's claims during the discovery procedures detailed in Rule 16.1.

We conclude that the district court improperly waived the requirements of NRCP 16.1 and 26. Accordingly, we grant the petition for a writ of mandamus. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981) (mandamus will lie to control discretionary action where the district court manifestly abuses its discretion); Schlatter v. District Court, 93 Nev. 189, 561 P.2d 1342 (1977) (mandamus issued directing the district court to vacate its improper discovery order). The clerk of this court shall forthwith issue a writ of mandamus directing the district court to vacate its order waiving compliance with NRCP 16.1 and 26.