John POTTER, et al., Plaintiffs,

v.

WEST SIDE TRANSPORTATION, INC., et al., Defendants.

No. CV–S–98–1436–RLH.

United States District Court, D. Nevada.

Aug. 31, 1999.

Thomas M. Bohl, Drew M. Loewe, Henderson, Wohlgemuth & Bohl, Ventura, CA, Robert T. Eglet, Eglet & Prince, LLP, Las Vegas, NV, for Plaintiff.

Bruce S. Dickinson, Stephenson & Dickinson, Kerry L. Earley, Earley & Savage, Las Vegas, NV, for Defendant.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is **Defendants' Motion to Compel** ... (# 30, filed August 6, 1999). Plaintiffs' Opposition ... (# 35) was filed August 24, 1999. Because Defendants seek expedited consideration,[1] the Court will proceed without waiting for a reply.

## BACKGROUND

This action is for injuries arising from an alleged wrongful death of a brother and sister, Michael and Sandi Potter. Plaintiffs are the parents, John and Linda Potter, and another sister, Teri, who was also in the automobile at the time of the accident. The motor vehicle accident, which occurred on September 12, 1997, involved a tractor-trailer and the Volkswagen in which the Potter children were riding. Teri, a passenger in the rear seat, was thrown free. The Volkswagen was apparently engulfed in flames. Teri claims, *inter alia*, emotional distress from seeing her siblings die. The parents, John and Linda, claim emotion distress, grief, and sorrow for the loss of their children in such a tragic accident.

Each of the Plaintiffs has been treated by psychological care providers since the accident, and there was some psychological treatment before the accident. John Potter was treated by Jeffrey Millstone and Kathy Davis, PhD, for psychological injuries, as well as Cheri McDonald, MFCC, who treated him both before and after the accident. Linda Potter has identified Laura Clark, Cheri McDonald and Suzanne Manders, as those who have treated her. Teri Potter has only been treated by Cheri McDonald. All these care providers reside, and provided the care and counseling, in California.

Defendants subpoenaed the records of the treatment provided by these health care providers, but Plaintiffs instructed them not to disclose any records or information regarding treatment prior to, or even subsequent to, the accident, which the Plaintiffs characterize as treatment for a "private matter" and not related to these injuries. Defendants seek an order requiring the production of all records dealing with Plaintiffs' emotional or mental state, treatment or counseling.

Defendants contend that John Potter was not living at home at the time of the accident, that they are entitled to all the records which relate to emotional or mental conditions or treatment, that such information may be admissible, that it may show a pre-existing condition, that the information may be necessary for proper cross-examination of both the Plaintiffs and any experts which may opine on this subject, that they are entitled to know the full story and the information may lead to other admissible evidence.

Plaintiffs claim that the "private matter" is not related to the accident. They invoke the psychotherapist-patient privilege and contend that the exceptions to the privilege are very narrow and do not include any information unrelated to their claims. They contend that the "private matters" are very personal and they would be embarrassed by its disclosure. Furthermore, Plaintiffs claim that they do not intend to call these psychotherapists as witnesses, but will rely on an expert to establish their claims for emotional distress.

## DISCUSSION

■ The Court finds the information sought by Defendants to be relevant to the "subject matter" involved in the litigation and appears "reasonably calculated" to "lead" to the discovery of admissible evidence. The Court further finds that the information, though privileged, is subject to discovery because Plaintiffs have voluntarily put their mental and emotion condition in issue and, thereby, waived the privilege.

1. Defendants actually requested an expedited hearing, but the Court feels it unnecessary to conduct a hearing, the issue having been adequately briefed.

Plaintiffs quote what they consider the "relevant part" of Rule 26(b), Fed.R.Civ.P. However, they neglect to quote all the "relevant part" of that Rule. The Court quotes the following from Rule 26(b)(1):

> Parties may obtain discovery regarding **any matter, not privileged,** which is relevant to the subject matter involved in the pending action.... The information sought **need not be admissible** at trial if the information sought **appears reasonably calculated to lead to the discovery of admissible evidence** (emphasis added).

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having **any tendency** to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence (emphasis added)."

Plaintiffs claim emotional injury from the accident. Thus, their emotional and mental health is a "subject matter involved in the pending action." The treatment they have received from the named psychotherapists all had to do with the condition of their mental and emotional health. To determine the extent of any emotional injury from the accident, it is necessary to determine what their emotional health was before the accident, what it is now, and whether the accident or some other incident or situation is the cause, either in whole or in part, of Plaintiffs' current condition. Neither the Defendants nor the Court is required to merely take the word of Plaintiffs or their counsel that the "private matter" is unrelated to their current emotional health.

Plaintiffs' contention that they are not going to call the psychotherapists as witnesses, but rely on an expert for such testimony, does not strengthen Plaintiffs credibility in this issue. It makes it more suspect. The Court wonders why Plaintiffs would opt to rely on the testimony of a non-treating expert over that of those who actually examined and treated them for the very condition they attribute to the tragedy. Furthermore, it is likely that the expert will be permitted to review the records, or may only be provided sanitized versions of the psychotherapeutic histories and treatment. Such an approach prejudices Defendants' ability to even cross-examine the expert about the basis for his or her opinion.

Sometimes it is clear that different "injuries" may be not related, such as a broken wrist and a torn ligament in the knee, or a "tennis elbow" injury and a closed head injury. But in this case, the two conditions both involve the emotional and mental condition of the patients. One is clearly relevant to the other, and the potential effect of one on the other is clearly of consequence in the determination of whether it is more probable or less probable that the current emotional conditions are solely the result of the accident, or from some other condition or situation.

Having found all the treatment relevant, let us turn to the issue of privilege.

Plaintiffs are correct in their assertion that in a diversity case, the issue of privilege is governed by State law. Federal Rule of Evidence 501 clearly states that, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, ... shall be determined in accordance with State law."

Plaintiffs cite both California and Nevada law, and there is little significant difference. However, this action is brought in Nevada and the accident occurred in Nevada. Accordingly, the Court will apply the Nevada law governing privilege.

Nevada Revised Statutes (NRS) 49.209 provides the privilege between psychologist and patient. There are comparable provisions for doctors and patients (NRS 49.225), which would provide the same protection for a psychiatrist, and for marriage and family therapists (NRS 49.246). Thus this Court finds that the Nevada Legislature intended to include a wide range of psychotherapists under the privilege umbrella, and will assume the named care providers would fall within the privilege. NRS 49.209 provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications between himself and his psychologist or any other person who is participating in the

diagnosis or treatment under the direction of the psychologist, including a member of the patient's family.

However, there are exceptions to this privilege, found in NRS 49.213, which states:

. . . .

. . . .

There is no privilege pursuant to NRS 49.209 . . . :

(2) For communications **relevant to an issue** of the treatment of the patient in any proceeding in which the treatment is an element of a claim **or defense** (emphasis added).

The Court has already found that all treatment for emotional or mental conditions, whether before or after the accident, is relevant to the issue of whether Plaintiffs' current conditions are the result of this accident. Plaintiffs have made claims based upon their emotional condition. Defendants assert a defense that Plaintiffs current emotional condition may, in whole or in part, be the result of some other emotional condition or situation. Thus the statutory law of Nevada declares that though the privilege existed, it no longer exists (or at least is waived) when the Plaintiffs voluntarily placed their emotional distress in issue in this case.

The Nevada Supreme Court has addressed and sustained the statutory mandate regarding the discovery of records for treatment which are relevant to an injury complained of. In *Schlatter v. The Eighth Judicial District Court,* 93 Nev. 189, 561 P.2d 1342 (1977), it said, "Where, as here, a litigant's physical condition is in issue, a court may order discovery of medical records containing information relevant to the injury complained of or any pre-existing injury **related** thereto (emphasis added)." *Id.* at 1343. Although the *Schlatter* Court rejected the discovery order in that case, it was only because it was not limited to treatment "related to" the alleged injury, but "went beyond this and permitted carte blanche discovery of all information contained in these materials without regard to relevancy." *Id.*

The Court finds (and was provided) no Nevada decision relating specifically to mental health records. However, it finds support in a decision of one of its fellow Magistrate Judges from the Northern District of Indiana, who faced the identical issue as we have here. He held as follows:

The plaintiff has refused to provide the defendants with access to her records related to treatment for previous mental health problems. Since the plaintiff has placed her mental and emotional condition in issue, the defendants are entitled to any medical records concerning previous mental health counseling received by the plaintiff.

*Tramm v. Porter Memorial Hospital,* 128 F.R.D. 666, 668 (N.D.Ind.1989).

Plaintiffs have placed their emotional and mental health in issue in this case. Examination and treatment by any psychotherapist for emotional or mental related conditions, whether prior to or subsequent to the accident, is relevant and not protected by privilege. Accordingly, the records and other information will be produced.

Based upon the foregoing, and for good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel . . . (# 30) is **granted,** and the records shall be produced or provided within twenty-one (21) days of the date of this order.