133 Nev., Advance Opinion 92

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DR. SHERA D. BRADLEY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS W. HERNDON, DISTRICT
JUDGE,
Respondents,
and
DONTAE HUDSON, AN INDIVIDUAL;
AND THE STATE OF NEVADA, BY
AND THROUGH STEVEN B.
WOLFSON, IN HIS OFFICIAL
CAPACITY AS DISTRICT ATTORNEY
FOR THE COUNTY OF CLARK,
Real Parties in Interest.

No. 70522

**FILED**

NOV 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition or mandamus challenging a district court order requiring petitioner to produce counseling records for *in camera* review.

*Petition granted.*

Kathleen Bliss Law PLLC and Kathleen Bliss and Jason Hicks, Las Vegas, for Petitioner.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Ofelia L. Monje, Deputy District Attorney, Clark County, for Real Party in Interest State of Nevada.

Karen A. Connolly, Ltd., and Karen A. Connolly, Las Vegas, for Real Party in Interest Dontae Hudson.

 

17-40357

Law Offices of Franny Forsman and Franny A. Forsman, Las Vegas; Kice Law Group, LLC, and Stephanie B. Kice, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

NRS 49.209 provides a general rule of privilege between psychologist and patient, subject to enumerated exceptions outlined in NRS 49.213. In this opinion, we address whether the privilege applies when a criminal defendant seeks records related to a patient who is court-ordered to partake in therapy, and whether, in this matter, an exception to the privilege exists based on state or federal law or the privilege being waived. Because we hold the privilege applies in this case and there was no applicable exception or waiver of the privilege, the district court's order mandating pretrial, *in camera* review of the privileged records is in error, and we grant the requested writ of prohibition.

*FACTUAL AND PROCEDURAL HISTORY*

J.A., a minor, was arrested while soliciting prostitution and was placed on probation through the juvenile court. As a condition of probation, J.A. was required to attend and complete counseling with petitioner Dr. Shera Bradley. Based on statements made by J.A. to the police, the State charged defendant/real party in interest Dontae Hudson with first-degree kidnapping, sex trafficking of a child under the age of 16, living from the earnings of a prostitute, and child abuse, neglect, or endangerment.

In his criminal case, Hudson filed a motion for discovery, which included requests for J.A.'s counseling, juvenile, and delinquency records. Hudson argued that the records were relevant in determining J.A.'s competence and credibility. The State opposed the motion, arguing that it was prohibited from obtaining and distributing confidential records. The district court ordered J.A.'s complete juvenile and delinquency records be provided for *in camera* review. An amended order required that Dr. Bradley disclose counseling records pertaining to J.A. for *in camera* review.

Dr. Bradley filed a motion to vacate the amended order, and Hudson filed a motion to compel Dr. Bradley to adhere to the amended order. The district court denied Dr. Bradley's motion to vacate and ordered the counseling records be submitted for *in camera* review but stayed the order, allowing Dr. Bradley to file the instant writ petition.

## DISCUSSION

*Petition for prohibition relief should be entertained*

Dr. Bradley seeks alternative relief in the form of a writ of mandamus or prohibition. Although "[t]his court has previously issued a writ of mandamus compelling a district court to vacate a discovery order," *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995), we have held "that prohibition is a more appropriate remedy for the prevention of improper discovery than mandamus," *id.* Accordingly, we consider Dr. Bradley's petition under the prohibition standard.

Generally, extraordinary relief is not available to challenge discovery orders because "[t]he law reserves extraordinary writ relief for situations where there is not a plain, speedy and adequate remedy in the ordinary course of law," and discovery orders can be adequately challenged on appeal from a final judgment. *Mitchell v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 21, 359 P.3d 1096, 1099 (2015) (internal quotation marks

 

omitted); *see also* NRS 34.330. However, "this court has issued writs to prevent improper discovery orders compelling disclosure of privileged information." *Coyote Springs Inv. v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 18, 347 P.3d 267, 270 (2015). Here, Dr. Bradley is not a party to the criminal case and therefore will not have standing to seek review on appeal from a final judgment, and she seeks to prevent the disclosure of allegedly privileged material based on the psychologist-patient privilege. Therefore, we elect to exercise our discretion and entertain the petition to determine whether the communications between Dr. Bradley and J.A. are privileged and whether pretrial disclosure of J.A.'s counseling records is required by state or federal law or because the privilege has been waived.

*Psychologist-patient privilege*

Dr. Bradley argues that the sought-after counseling records are privileged because they concern treatment she provided as J.A.'s psychologist, and that she has asserted the privilege on behalf of J.A. Dr. Bradley also claims that none of the enumerated exceptions to the psychologist-patient privilege are applicable and alleges that disclosure of the counseling records would jeopardize the open but private nature of communication between therapist and patient, a cornerstone to treatment. Hudson argues that the counseling records are not privileged due to the mandatory nature of J.A.'s counseling or due to J.A.'s treatment being an element of a claim or defense, that disclosure is required under state law and federal constitutional law, and that the privilege has been waived by disclosures of confidential information to third parties.

*The psychologist-patient privilege applies to Dr. Bradley and J.A.'s confidential communications and records*

NRS 49.209 outlines the psychologist-patient privilege as a patient having the ability "to refuse to disclose and to prevent any other

person from disclosing confidential communications between the patient and the patient's psychologist or any other person who is participating in the diagnosis or treatment under the direction of the psychologist, including a member of the patient's family." Confidential communication is defined as:

> [C]ommunication . . . not intended to be disclosed to third persons other than: (a) Those present to further the interest of the patient in the consultation, examination or interview; (b) Persons reasonably necessary for the transmission of the communication; or (c) Persons who are participating in the diagnosis and treatment under the direction of the psychologist, including members of the patient's family.

NRS 49.207(1). The privilege may be claimed by the patient or by the psychologist on the patient's behalf. NRS 49.211.

In her motion to vacate the district court's order requiring disclosure of J.A.'s counseling records, Dr. Bradley asserted that she was providing psychological treatment to J.A. and she was claiming the privilege on behalf of her patient. She further averred that her "records [were] solely based upon treatment," that they had not been created for law enforcement purposes, and that her interaction with J.A. had been "solely limited to treatment and [] had nothing to do with investigative work." Hudson does not provide evidence that the content of J.A.'s counseling records pertain to anything other than treatment. Accordingly, we hold that Dr. Bradley's confidential records pertaining to J.A. are privileged, unless an exception or waiver applies.

*No exception to the privilege applies*

NRS 49.213 outlines several exceptions to the psychologist-patient privilege. Notably, the statute does not contain a specific exception

for material relevant to the defense in a criminal case. However, two exceptions are implicated in this matter. The statute declares there is no psychologist-patient privilege in the following circumstances:

> 3. For communications relevant to an issue of the treatment of the patient in any proceeding in which the treatment is an element of a claim or defense.

> 4. If disclosure is otherwise required by state or federal law.

NRS 49.213(3), (4). We consider each of these exceptions in turn.

*J.A.'s treatment is not an element of a claim or defense under NRS 49.213(3)*

Although this court has not directly addressed the exception outlined in NRS 49.213(3), we addressed an almost identical exception to the doctor-patient privilege in *Mitchell v. Eighth Judicial District Court*, 131 Nev., Adv. Op. 21, 359 P.3d 1096, 1103 (2015).[1] In that case, we held that "[r]elevance alone does not make a patient's condition an element of a claim or defense," but rather, "the patient's condition must be a fact to which the substantive law assigns significance." *Mitchell*, 131 Nev., Adv. Op. 21, 359 P.3d at 1103 (internal quotation marks omitted). We went on to discuss illustrative examples:

> A defendant who pleads not guilty by reason of insanity, for example, has asserted a defense that has, as one of its elements, his insanity. Similarly, a disinherited child who challenges her father's will on the grounds he was incompetent has asserted a claim about her father's condition to which legal consequences attach: If proved, the condition

___

[1]*Compare* NRS 49.213(3), *with* 2002 Nev. Stat. 18th Special Sess., ch. 3, § 17, at 12 ("As to written medical or hospital records relevant to an issue of the condition of the patient in any proceeding in which the condition is an element of a claim or defense."), now codified as NRS 49.245(4).

 

> alleged invalidates the will. In both instances, the patient's condition is an *element* of the claim or defense—not merely *relevant*—because the claim or defense fails unless the condition asserted is established in fact.

*Id.* (internal citations omitted).

While *Mitchell* addressed the doctor-patient privilege and its exception for records relevant to a *condition* that is an element of a claim or defense, we can discern no logical reason to treat differently the almost identical language of the psychologist-patient exception for communications relevant to an *issue of treatment* that is an element of a claim or defense. Accordingly, we hold that the exception to the psychologist-patient privilege applies where, at a minimum, the treatment or an issue of treatment is a fact to which the substantive law assigns significance and that mere relevance is not sufficient to establish the treatment or an issue of treatment as an element of the claim or defense. *Cf. Potter v. W. Side Transp., Inc.*, 188 F.R.D. 362, 365 (D. Nev. 1999) (discussing a case where plaintiffs "made claims based upon their emotional condition" and holding that the exception in NRS 49.213(3)[2] applies where the patient places his or her mental health at issue).

Here, Hudson's charges include first-degree kidnapping, sex trafficking of a child under the age of 16, living from the earnings of a prostitute, and child abuse, neglect, or endangerment. He alleges that J.A.'s condition, including her behavior, alleged drug use and mental illness, and dishonesty, is part of an element of the claim or defense, without further explanation. While J.A.'s mental condition may arguably be relevant for

---

[2]The *Potter* court considered NRS 40.213(2), an earlier version of NRS 49.213(3) with identical language. *See* 1995 Nev. Stat., ch. 640, § 19, at 2497.

certain purposes, that on its own is insufficient for purposes of this exception. Rather, Hudson fails to allege or demonstrate that J.A.'s treatment, or an issue of her treatment, is a fact to which the substantive law assigns significance as pertaining to the charges against Hudson or his defense. Therefore, we hold that NRS 49.213(3)'s exception to the psychologist-patient privilege does not apply under the circumstances.

*Disclosure is not required under state law*

The psychologist-patient privilege does not exist if disclosure of the confidential communication is required by state law. NRS 49.213(4). Hudson argues that state law, specifically NRS 174.235, requires disclosure because the prosecutor is in constructive possession of the counseling records due to the mandatory nature of J.A.'s counseling as a condition of her juvenile probation.[3] He also asserts that Dr. Bradley has a contract

---

[3]NRS 174.235(1) states:

> Except as otherwise provided . . . at the request of a defendant, the prosecuting attorney shall permit the defendant to inspect and to copy or photograph any:
>
> (a) Written or recorded statements or confessions made by the defendant, or any written or recorded statements made by a witness the prosecuting attorney intends to call during the case in chief of the State, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney;
>
> (b) Results or reports of physical or mental examinations, scientific tests or scientific experiments made in connection with the

with, and is paid by, the government for her services and that it necessarily follows she is an agent of the State. But a defendant is not entitled to the type of information Hudson seeks from the prosecutor when such information is privileged or protected from disclosure pursuant to state law, such as records protected by the psychologist-patient privilege. *See* NRS 49.209; NRS 174.235(2)(b). Therefore, under Nevada law, Hudson is not entitled to Dr. Bradley's counseling records from J.A.'s treatment and NRS 49.213(4)'s exception does not apply on this basis.

*Disclosure is not required under federal law*

NRS 49.213(4) exempts from the psychologist-patient privilege that which is required to be disclosed pursuant to federal law. Hudson argues that an *in camera* review is mandated because the counseling records are in constructive control of the State and J.A. may have provided Dr. Bradley with exculpatory statements, to which Hudson is entitled pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, Hudson argues that due process requires disclosure of the counseling records. He

particular case, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney; and

(c) Books, papers, documents, tangible objects, or copies thereof, which the prosecuting attorney intends to introduce during the case in chief of the State and which are within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney.

further argues that he is entitled to the counseling records under the Confrontation Clause of the Sixth Amendment.

First addressing the arguments regarding *Brady*, we note that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Indeed, "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded." *Id.* (quotation marks omitted). Although *Brady* and its progeny stand for the proposition that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution," *Brady*, 373 U.S. at 87, this analysis is applied retrospectively. *See United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001) ("[T]he scope of the government's constitutional duty . . . is ultimately defined retrospectively, by reference to the likely effect that the suppression of particular evidence had on the outcome of the trial."); *see also* Irwin H. Schwartz, *Beyond Brady: Using Model Rule 3.8(d) in Federal Court for Discovery of Exculpatory Information*, Champion, Mar. 2010, at 34 ("*Brady* is applied retrospectively. There is never a real *Brady* violation unless nondisclosure was so serious that a post-trial review leads judges to conclude that it undermined their confidence in the verdict." (internal quotation marks omitted)).

Applying these concepts to the instant matter, where this case has yet to go to trial, this court has not been provided with a sufficient record to analyze a *Brady* claim. *See Coppa*, 267 F.3d at 140. Accordingly,

SUPREME COURT
OF
NEVADA

(O) 1947A

10

we hold that due process does not require disclosure of the counseling records at this time.[4]

Regarding Hudson's argument that the Confrontation Clause requires disclosure of the records, the Confrontation Clause provides criminal defendants with a *trial right*, designed to prevent improper restrictions on the types of questions defense counsel may ask during cross-examination. *See California v. Green*, 399 U.S. 149, 157 (1970) ("[I]t is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause."); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right."). As a trial right, it does not apply to pretrial discovery. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987) ("If we were to accept this broad interpretation of *Davis* [*v. Alaska*, 415 U.S. 308 (1974)], the effect would be to transform the Confrontation Clause into a constitutionally compelled rule of pretrial discovery. Nothing in the case law supports such a view.").

This court has yet to address whether the Confrontation Clause entitles a defendant to a witness's counseling records during pretrial discovery. However, courts have held that, at least prior to trial, the Confrontation Clause does not mandate disclosure of privileged or confidential communications. *See, e.g., In re Crisis Connection, Inc.*, 949 N.E.2d 789, 796-97 (Ind. 2011); *People v. Hammon*, 938 P.2d 986, 987 (Cal. 1997) (finding no error in the trial court's order quashing subpoenas for counseling records served on psychotherapists who had treated the complaining witness where the defendant argued that access to the

---

[4]Our decision in this matter does not preclude a finding, on appeal, that the counseling records should have been disclosed.

information was required based on the Confrontation Clause).[5] We agree with these courts and conclude that Hudson's right to confrontation does not overcome the psychologist-patient privilege during pretrial discovery. Further, at this juncture, we note that Hudson has not articulated any particular exculpatory or relevant information that he believes may be contained in Dr. Bradley's records. Given this deficiency, we express doubt that Hudson's request, in its current form, could form the basis of a Confrontation Clause challenge at trial.

Therefore, we conclude that Hudson has not shown that disclosure of the counseling records is required under federal law, and NRS 49.213(4)'s exception to the psychologist-patient privilege does not apply.

*Privilege was not waived*

In addition to the exceptions outlined in NRS 49.213, the psychologist-patient privilege may also voluntarily be waived pursuant to NRS 49.385, which states:

---

[5]As the *Hammon* court noted, there may be times when a witness's right to keep certain information confidential must yield to a criminal defendant's right to confront the witness. 938 P.2d at 992. However, these situations are more appropriately addressed at trial. *See generally Davis*, 415 U.S. 308 (holding that the defendant's right of confrontation took precedence over a statute requiring that the records of juvenile delinquency proceedings be kept confidential); *see also State v. Hufford*, 533 A.2d 866, 875-76 (Conn. 1987) (noting that if the defendant makes a sufficient preliminary showing at trial, the defendant is entitled to have the trial court conduct an *in camera* inspection of the witness's mental health records and that the witness's psychologist-patient privilege can be overridden if the trial court concludes that portions of those records are sufficiently relevant to the defendant's guilt or innocence, or are sufficiently relevant to the witness's credibility). Because this issue is not directly before this court, we need not address it at this time. Nevertheless, we note that a particularized showing by the defendant is likely required before a district court may review a witness's privileged or confidential counseling records *in camera*, even at trial.

1. A person upon whom these rules confer a privilege against disclosure of a confidential matter waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter.

2. This section does not apply if the disclosure is:

(a) Itself a privileged communication; or

(b) Made to an interpreter employed merely to facilitate communications.

Hudson argues that J.A.'s mother, as well as the probation officer/case worker and representatives from the Center of Peace and Salvation Army, were present at meetings held in Dr. Bradley's office. Hudson further argues that Dr. Bradley communicated with the Department of Child and Family Services, juvenile probation, Child Protective Services, and the juvenile court about J.A.'s treatment and progress. He contends that the entirety of the preceding establishes a voluntary disclosure of confidential communications and thus a waiver of the psychologist-patient privilege.

No evidence before us demonstrates that J.A. waived the psychologist-patient privilege or authorized Dr. Bradley to do so. Although exhibits provided by Hudson suggest that Dr. Bradley communicated with other individuals regarding J.A.'s *compliance* with therapy, the record fails to demonstrate that Dr. Bradley shared "any significant part" of the confidential communications with anyone other than J.A. NRS 49.385(1). While the record suggests that people other than Dr. Bradley and J.A. were at Dr. Bradley's office, the record does not demonstrate that these

individuals were present during Dr. Bradley's treatment sessions with J.A. Furthermore, although the record suggests that J.A. and her mother communicated with her probation officer and Child Protective Services regarding certain issues related to her mental health history, nothing in the record indicates that Dr. Bradley or J.A. relayed any confidential information regarding a significant part of the treatment sessions. Accordingly, we hold that there was no waiver of the privilege protecting J.A.'s counseling records with Dr. Bradley.

## CONCLUSION

Because the psychologist-patient privilege applies to J.A. and Dr. Bradley's confidential communications, and because Hudson has not shown that an exception to the privilege applies or that the privilege was waived, we hold that the district court erroneously ordered that Dr. Bradley provide J.A.'s counseling records for *in camera* review. Therefore, we grant the petition and direct the clerk of this court to issue a writ of prohibition ordering the district court to halt the production of the privileged documents.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

