# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; AND CANNON
COCHRAN MANAGEMENT SERVICES,
INC., (CCMSI),

No. 74319

**FILED**

Appellants,

OCT 05 2018

vs.

ARTHUR MAURENT,

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

Respondent.

BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a petition for judicial review and remanding for consideration of respondent's claim in a workers' compensation matter. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Respondent filed a claim for workers' compensation in 2014. Denial of the claim was ultimately affirmed by a hearing officer after a hearing assigned number 1516338-MT.[1] Respondent filed a second workers' compensation claim in 2016. When that claim was denied by appellant Cannon Cochran Management Services, Inc., respondent appealed. The appeals officer concluded that the order from hearing number 1516338-MT was binding and he lacked jurisdiction to hear respondent's appeal. The appeals officer thus dismissed respondent's appeal and affirmed the claim denial. Respondent then filed a petition for judicial review in the district court. The district court entered an order concluding that the appeals officer did have jurisdiction to consider the appeal, granting the petition for

---

[1]It appears from the documents before this court that respondent either appealed from the hearing officer's decision but later dismissed the appeal or filed an untimely appeal.

 
18-39118

judicial review, and remanding to the appeals officer to consider the merits of respondent's claim.

Appellants filed a notice of appeal from the order of the district court. When our review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the order challenged on appeal was not substantively appealable because an order remanding to an administrative agency is not generally an appealable order unless the order is a final judgment.

In response, appellants argue that the district court's order is appealable because it is a final judgment on the subject of jurisdiction; the remand was not for additional evidence to be gathered on the subject of jurisdiction but for a hearing on the merits. Appellants also assert that they are barred by both issue and claim preclusion from re-litigating the jurisdictional issue at any hearing after remand. If this court concludes that it lacks jurisdiction, appellants argue, they will be deprived of their due process right to contest the district court's order.

"As a general rule, an order by a district court remanding a matter to an administrative agency is not an appealable order unless the order constitutes a final judgment." *Ayala v. Caesars Palace*, 119 Nev. 232, 235, 71 P.3d 490, 492 (2003), *overruled on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008). A district court order may be considered a final judgment even if the order remands, if that remand is for collateral tasks. *Wells Fargo Bank, N.A. v. O'Brien*, 129 Nev. 679, 680-81, 310 P.3d 581, 582 (2013); *Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 992 P.2d 936 (1996). In this case, the district court

SUPREME COURT
OF
NEVADA

reversed the decision of the appeals officer concluding that he lacked jurisdiction over respondent's appeal and remanded for the appeals officer to consider the compensability of respondent's claim. Upon remand, the appeals officer will consider the merits of appellant's claim for compensation. Accordingly, the order challenged in this appeal does not finally resolve respondent's claim for compensation and is not a final judgment. *See O'Brien*, 129 Nev. 679, 310 P.3d 581 (rejecting an argument that a district court order remanding for further foreclosure mediation was a final judgment because the order resolved all of the issues presented to the district court and concluding that the order was not a final judgment because the mediation proceedings upon remand would again address the merits of the foreclosure matter); *State Taxicab Auth. v. Greenspun*, 109 Nev. 1022, 862 P.2d 423 (1993) (concluding that a district court order remanding to the Nevada Taxicab Authority to consider evidence it previously did not consider was not a final judgment where that order did not resolve the merits of the underlying application or the Authority's decision). We also note that, in the absence of a final judgment, it does not appear that appellants are barred by either claim preclusion, *see Five Star Capital Corp.*, 124 Nev. at 1054 and n.27, 194 P.3d at 713 and n.27 (requiring a valid final judgment for claim preclusion to apply), or issue preclusion, *see id.* at 1055, 194 P.3d at 713 (stating that issue preclusion applies to issues "on which there was a final decision on the merits"), from challenging the district court's order in the context of an appeal from any later final judgment.

Because the order challenged in this appeal is not a final judgment, is not appealable under NRAP 3A(b)(1). No other statute or court rule appears to allow an appeal from an order granting a petition for judicial

review and remanding for further proceedings. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). Accordingly, we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jerry A. Wiese, District Judge
      Larry J. Cohen, Settlement Judge
      Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
      Greenman Goldberg Raby & Martinez
      Eighth District Court Clerk